# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MASTERPIECE LEATHERWORK, LTD., | ) |
|     Plaintiff/Counter-Defendant, | ) |
| v. | ) Case No. 3:17-691 |
| | ) Judge Aleta A. Trauger |
| R. MADISON, INC., | ) |
|     Defendant/Counter-Plaintiff | ) |

## MEMORANDUM & ORDER

On April 18, 2016, Plaintiff/Counter-Defendant, Masterpiece Leatherworks, LTD ("Masterpiece"), filed this contract action against Defendant/Counter-Plaintiff, R. Madison, Inc. ("R. Madison"), in the Circuit Court for Williamson County, Tennessee.[1] On March 13, 2017, R. Madison filed a Counter Complaint against Masterpiece. (Docket No. 1-1.) On April 7, 2017, Masterpiece filed a Notice of Removal to this court, on the grounds that the amount in controversy in the Counter Complaint renders federal diversity jurisdiction over this action appropriate. (Docket No. 1.) The Notice of Removal states that it attaches a copy of the original Complaint in this action. (Docket No. 1, ¶ 1.) However, the only pleading attached to the Notice of Removal is R. Madison's Counter Complaint. (*See* Docket No. 1.) The Notice of Removal also states that the Counter Complaint arises from the same transaction and/or occurrence that gave rise to Masterpiece's claim and, thus, refers to the Counter Complaint as a compulsory counterclaim. (*Id*. at ¶ 4.)

On April 13, 2017, Masterpiece filed a Motion to Dismiss the Counter Complaint (Docket No. 5), along with an attached Memorandum in support (Docket No. 5-1), arguing that

---

[1] A copy of this initial filing is not in the record, but it is referenced in the Counter Complaint (Docket No. 1-1).

1

the Counter Complaint should be dismissed because it was filed without the permission of the Tennessee trial court. Masterpiece cites Tennessee Rule of Civil Procedure 13.05, which provides that "[a] claim which either matured or was acquired by the pleader after serving the pleading may, with permission of the court, be presented as a counterclaim by supplemental pleading." On May 2, 2017, R. Madison filed a Response in opposition, arguing that its Counter Complaint does not arise from the same transaction or occurrence as Masterpiece's Complaint and is, therefore a permissive, rather than a compulsory, counterclaim that is governed by Tennessee Rule of Civil Procedure 13.02, which does not require leave of court. (Docket No. 10.) R. Madison also argues that its Counter Complaint arises from transactions or occurrences that took place prior to the filing of Masterpiece's initial Complaint in this action and, therefore, it is not governed by Rule 13.05.

The court will not decide at this time whether the Counter Complaint was properly filed in the state court, nor will it address the pending Motion to Dismiss. Rather, the court finds that removal of this action to federal court is inappropriate. Masterpiece seeks to remove this action on the grounds of the existing Counter Complaint while simultaneously arguing that the Counter Complaint was improperly filed in state court and should not be permitted to proceed. The court finds that this is a matter that should be resolved in the Tennessee court prior to removal.

## **CONCLUSION**

For the foregoing reasons, this action is **REMANDED WITHOUT PREJUDICE** to the Circuit Court for Williamson County, Tennessee.

It is so **ORDERED**.

Enter this 4th day of May 2017.

_____
ALETA A. TRAUGER
United States District Judge